Page 1

1    UNITED STATES BANKRUPTCY COURT

2    SOUTHERN DISTRICT OF NEW YORK

3    - - - - - - - - - - - - - - - - - - - - - - - - - - - x

4    In the Matter of:

5    AC 1 INV MANAHAWKIN LLC,

6                              CASE NO. 14-22791-rdd

7        Debtor.

8    - - - - - - - - - - - - - - - x

9    AC 1 MANAHAWKIN MEZZ LLC,

10                             CASE NO. 14-22792-rdd

11   Debtor

12   - - - - - - - - - - - - - - - x

13   AC 1 MANAHAWKIN LLC,

14                             CASE NO. 14-22793-rdd

15   Debtor

16   - - - - - - - - - - - - - - - x

17

18

19                   U.S. Bankruptcy Court

20                   300 Quarropas Street

21                   White Plains, NY

22

23                   June 30, 2014

24                   11:06 AM

25

1    B E F O R E :

2    HON ROBERT D. DRAIN

3    U.S. BANKRUPTCY JUDGE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 3

1    Hearing re:  AC 1 Inv. Manahawkin LLC, Ch. 11

2    Initial Case Conference AC 1 Inv. Manahawkin LLC, Ch. 11

3

4    Hearing re:  Application to Extend Time to File Schedules

5    and Statement of Financial Affairs filed by Arnold Mitchell

6    Greene on behalf of AC I Manahawkin Mezz LLC. (Document(s)

7    8)

8    Hearing re:  Motion for Joint Administration filed by Arnold

9    Mitchell Greene on behalf of AC I Manahawkin Mezz LLC.

10   (Document #7)

11

12   Hearing re:  Motion to Dismiss Case filed by Lucas F.

13   Hammonds on behalf of Tibor and Gershon Klein. (Document(s)

14   10)

15

16   Hearing re:  Motion to Shorten Time for Motion to Dismiss

17   Case filed by Lucas F. Hammonds on behalf of Tibor and

18   Gershon Klein (Document #11)

19

20   Hearing re:  Letter Objecting to Motions to Shorten Time

21   (related document(s)10, 11) filed by Arnold Mitchell Greene

22   on behalf of AC I Manahawkin Mezz LLC. (Document #12)

23

24

25

Page 4

1    Hearing re:  Response of RCG LV Debt IV Non-RETIT Assets

2    Holdings, LLC in Support of(I) Motion of Tibor Klein and

3    Gershon Klein for Orders Dismissing Bankruptcy Cases and

4    (II) Motion for Orders Shortening Notice for Motion of Tibor

5    Klein and Gershon Klein for Orders Dismissing Bankruptcy

6    Cases (related documents(s) 12, 11) filed by Kristopher M.

7    Hansen on behalf of RCG LV Debt IV non-REIT Assets holdings,

8    LLC. (Document #21)

9

10   Hearing re:  Opposition to Motions of Tibor Klein and

11   Gershon Klein Seeking an Order Dismissing Chapter II

12   Bankruptcy Cases (related document(s)l 1) filed by Arnold

13   Mitchell Greene on behalf of AC I INV Manahawkin LLC.

14   (Document #22)

15

16   14-22792-rdd AC I Manahawkin Mezz LLC Ck II

17   Hearing re:  Initial Case Conference

18

19   Hearing re:  Application to Extend Time to File Schedules

20   and Statement of Financial Affairs filed by Arnold Mitchell

21   Greene on behalf of AC I Manahawkin Mezz LLC. (Document #8)

22

23   Hearing re:  Motion for Joint Administration filed by Arnold

24   Mitchell Greene on behalf of AC1 Manahawkin Mezz LLC.

25   (Document(s) 7)

Page 5

1    Hearing re:  Letter objecting to Motions to Shorten Time

2    (related document(s)10, 11) filed by Arnold Mitchell Greene

3    on behalf of AC I Manahawkin Mezz LLC. (Document #12)

4    Hearing re:  Response or RCG LV Debt Iv Non-Reit Assets

5    Holdings, LLC in Support of(I) Motion of Tibor Klein and

6    Gershon Klein for Orders Dismissing Bankruptcy Cases

7    and (II) Motion for Orders Shortening Notice for Motion of

8    Tibor Klein and Gershon Klein for Orders Dismissing

9    Bankruptcy Cases (related document(s)10, 11) filed by

10   Kristopher M. Hansen on behalf of RCG LV Debt Iv non-REIT

11   Assets Holdings, LLC, (Document #20)

12

13   Hearing re:  Opposition to Motions of Tibor Klein and

14   Gershon Klein Seeking an Order Dismissing Chapter 11

15   Bankruptcy Cases (related document(s)10) riled by Arnold

16   Mitchell Greene on behalf of AC I Manahawkin Mezz LLC,

17   (Document #21)

18

19   14-22793-rdd AC I Manahawkin LLC Ch. 11

20   Hearing re:  Initial Case Conference

21

22   Hearing re:  Application to Extend time to File Schedules

23   and Statement of Financial Affairs filed by Arnold Mitchell

24   Greene on behalf of AC I Manahawkin LLC. (Document # 8)

25

1    Hearing re:  Motion for Joint Administration filed by Arnold

2    Mitchell Greene on behalf or AC I Manahawkin LLC (Document

3    #7)

4

5    Hearing re:  Motion to Dismiss Case filed by Lucas F.

6    Hammonds on behalf of Tibor and Gershon Klein

7    (Document(s)1O)

8

9    Hearing re:  Letter Objecting to Motions to shorten Time

10   filed by Arnold Mitchell Greene on behalf of AC I Manahawkin

11   LLC. (Document #15)

12

13   Hearing re:  Letter Objecting to Motions to Shorten Time

14   (related document(s)lO, 11) filed by Arnold Mitchell Greene

15   on behalf of AC I Manahawkin Mezz LLC. (Document #15)

16

17   Hearing re:  Response or RCG LV Debt Iv Non-Reit Assets

18   Holdings, LLC in Support of(I) Motion of Tibor Klein and

19   Gershon Klein for Orders Dismissing Bankruptcy Cases and

20   (TI) Motion for Orders Shortening Notice for Motion of Tibor

21   Klein and Gershon Klein for Orders Dismissing Bankruptcy

22   Cases (related document(s)lO, 11) filed by Kristopher M.

23   Hansen on behalf of RCG LV Debt Iv non-RE1T Assets

24   Holdings, LLC. (Document #26)

25

Page 7

1    Hearing re:   Opposition to Motions of Tibor Klein and

2    Gershon Klein Seeking an Order Dismissing Chapter 11

3    Bankruptcy Cases (related document(s)10) filed by Arnold

4    Mitchell Greene on behalf of AC I Manahawkin Mezz LLC.

5    (Document #27)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24    Transcribed by:   Melissa Looney

25

Page 8

```
 1   A P P E A R A N C E S :

 2   ROBINSON BROGG LEINWAND GREENE GENOVESE & GLUCK

 3        Attorney for Debtors

 4        875 Third Avenue

 5        New York, NY 10022-0123

 6

 7   BY:  A. MITCHELL GREENE, ESQ.

 8

 9   STROOCK & STROOCK & LAVAN, LLP

10        Attorney for RCG LV Debt IV Non-REIT

11        Assets Holdings, LLC

12        180 Maiden Lane

13        New York, NY 10038

14

15   BY:  HAROLD A. OLSEN, ESQ.

16

17   OTTERBURG PC

18        For Acadia Realty Limited Partnership

19        (not given)

20

21   BY:  ADAM SILVERSTEIN

22

23

24

25
```

Page 9

```
1   ALSTON & BIRD LLP
2        Attorney for Capital Investors
3        90 Park Avenue
4        New York, NY 10016
5
6   BY:  JOHN P. DOHERTY
7
8   SILLS CUMMIS & GROSS
9        Attorney for Tibor and Gershon Klein
10       One Riverfront Plaza
11       Newark, NJ 07102
12
13  BY:  JOSHUA N. HOWLEY, ESQ.
14
15  U.S. DEPARTMENT OF JUSTICE
16       Office of the United States Trustee
17       U.S. Federal Office Building
18       201 Varick Street
19       Suite 1006
20       New York, NY 10014
21
22  BY:  SERENE K. NAKANO, ESQ.
23
24
25
```

```
 1                    P R O C E E D I N G S

 2          THE COURT:  All right.  In re AC 1 Investment

 3   Manahawkin LLC, AC 1 Manahawkin Mezz LLC and AC 1 Manahawkin

 4   LLC.

 5          MR. GREENE:  Good morning, Your Honor.  A Mitchell

 6   Greene of Robinson Brogg Leinwand Greene Genovese & Gluck

 7   for the debtors.

 8          MS. NAKANO:  Serene Nakano for the U.S. Trustee's

 9   office.

10          MR. OLSEN:  Good morning, Your Honor.  Harold

11   Olsen from Stroock & Stroock & Lavan on behalf of RCG LV

12   Debt IV Non-REIT Assets Holdings, LLC.

13          MR. SILVERSTEIN:  Good morning, Your Honor.  Adam

14   Silverstein from Otterburg (ph) PC for Acadia Realty Limited

15   Partnership, a creditor of each of the debtors.

16          THE COURT:  Good morning.

17          MR. DOHERTY:  Good morning, Your Honor.  John

18   Doherty of Alston & Bird on behalf of (indiscernible)

19   Capital Advisors, a special service for Deutsche Bank,

20   National Trust Company, as Trustee for Wells Fargo

21   Commercial Mortgage Securities, Certificate Series, 2011,

22   Page 3, that is the mortgage lender.

23          THE COURT:  All right.  Good morning.

24          MR. HOWLEY:  Good morning, Your Honor.  Josh

25   Howley from Sills Cummis & Gross on behalf of Tibor and
```

Page 11

1    Gershon Klein.

2              THE COURT:  Good morning.  Okay.  So there are a

3    lot of matters on the calendar today.  The Kleins want me to

4    deal with the authority and dismissal issues first, which

5    kind of make sense to me.  The other issues are -- the other

6    matters are relatively simple matters and there's no real

7    objection to them, other than the issue of whether the cases

8    should be in bankruptcy at all.

9              So, why don't we turn to their motion?  And I have

10   read the debtors' response, which came in this morning.

11             MR. GREENE:  Your Honor, I apologize, but that was

12   the timeframe set --

13             THE COURT:  I understand.  It was an expedited

14   request.

15             MR. GREENE:  And, Your Honor, I think the response

16   is clear.  And I have to tell Your Honor, I've been doing

17   this for 35 years and this one makes no sense.  I mean, the

18   fact pattern is pretty much agreed upon.  We have a case in

19   which there is a foreclosure on the interest that would have

20   taken place if not for the filing.  We have a Jewish holiday

21   that comes into play and it's an interesting way, but on the

22   Jewish holiday, they didn't want a Jewish person to actually

23   file it, so we had to have somebody in my office approved by

24   the parties to actually push the button.

25             Your Honor, there is no doubt that an email chains

Page 12

1    went out with the documents on the Tuesday preceding the

2    filing on a Wednesday.  It would be uncontested and we will

3    show with the evidence of the emails, we can show with the

4    evidence of testimony that the clients clearly consented to

5    this filing, knew this was the only alternative.  I think it

6    is un-refuted right now that the value of this shopping

7    center exceeds the debts on the property.  And if the

8    shopping center were foreclosed upon and the interests were

9    foreclosed upon, it would delay the payments to two

10   creditors that would be received here.

11            I think the issue comes into play, Your Honor,

12   whether the personal interests or the pressure that the Mezz

13   lender would be pointing on the clients outlines the best

14   interest of the estate.  I think all the (indiscernible) of

15   an equitable estoppel argument are here.  I think the

16   writing that was evidenced by the emails that went out.

17            And its interesting, judge, but eight days after

18   those emails were sent, the parties -- we received a letter

19   objecting to the filing.  Now, there was a two-day Jewish

20   holiday that ran from Wednesday -- it ran from sundown on

21   Tuesday to Thursday sundown.  But you had Friday,

22   Saturday -- Chávez will take that away -- Sunday, Monday,

23   Tuesday -- nobody picks up the phone and said, you know,

24   what happened here and why did this happen.

25            Your Honor, there is an exit scenario here.  The

Page 13

1    exit scenario is clear.  There has been ongoing discussions

2    and various commitments regarding refinancing the center and

3    paying off the lenders and the creditors, or alternatively,

4    or simultaneously putting these properties up for sale under

5    a marketing analysis retaining an appropriate broker,

6    marketing and selling them and paying everybody off.

7              Now, subsequent to the filings on the 25th of

8    June, and we learned this on Friday, lawsuits were

9    commenced, I guess New York, in the state courts on the

10   guarantees.

11             Obviously those lawsuits are far from being

12   determined and there are other issues that give rise on

13   those lawsuits.  But I think in the process here, Your

14   Honor, under the -- if given an evidentiary hearing on this,

15   I think we could show this Court that number one, there was

16   consent, number two, the clients can be equitably estopped

17   from arguing against and giving the apparent authority to

18   Mr. Rengle (ph) to exercise his sound business judgment by

19   filing it.

20             And I think, Your Honor, besides that, under 1112,

21   dealing with dismissal under 1112 and the evidence that

22   needs to be shown here that they cannot meet their burden

23   for dismissal based upon that.

24             THE COURT:  Okay.  All right.  Have you had a

25   chance to look at the Debtors' response?

1          MR. HOWLEY:  I have, Your Honor.

2          THE COURT:  Okay.

3          MR. HOWLEY:  The bottom line here is, Judge, there

4   are three entities, two of which the operating agreements

5   provide clearly that unanimous written consent of the board

6   members is required in order to file bankruptcy petition.

7          There's no writing, Your Honor, authorizing AC 1

8   Manahawkin or AC 1 Manahawkin Mezz to file for bankruptcy.

9   As to the third entity, AC 1 Manahawkin INV., that operating

10  agreement requires a unanimous vote by all members of the

11  LLC of which my client's Tibor and Gershon Klein are members

12  and there's no evidence that they voted in favor of filing

13  the bankruptcy petitions.

14          Your Honor, there's -- I mean, I rest on the

15  record, which makes clear that --

16          THE COURT:  Was there a unanimous written consent

17  for the TRO motion?

18          MR. HOWLEY:  No, Your Honor.  There was not.

19          THE COURT:  Okay.  Is your client here to testify?

20          MR. HOWLEY:  He is not, Your Honor.

21          THE COURT:  Okay.  I think we should have an

22  evidentiary hearing on this.  I've reviewed the

23  declarations.  There's definitely a he said/she said element

24  to this, but just based on that review and a relatively

25  short review of the Delaware law, an apparent authority in

1    equitable estoppel, as well as some of the case law

2    including the Glovas (ph) case, Judge Rasman's (ph) Glovas

3    case cited in the objection, which talks about the parties'

4    prior course of dealing, among other things.  I can't decide

5    this on this record.

6             So, you all should meet and confer on a relatively

7    prompt discovery schedule if you want to take discovery.  If

8    you don't, we can -- you can get an evidentiary hearing date

9    from Ms. Lee.

10            I do, you know, this is not the Glovas case,

11   exactly.  There's no allegation that the Klein's are not

12   supporting a bankruptcy case because they were recipients of

13   a voidable transfer, as was the case in Glovas.  On the

14   other hand, it was clearly asserted to me that the reason

15   they didn't want the bankruptcy is because they would be

16   liable on a guarantee that might be triggered and yet, as

17   members of the various debtors, they have fiduciary duties

18   to the debtors.  So, I have yet to see a reason other than

19   that as to why they don't want the case in bankruptcy.  So

20   they may be facing fiduciary duty issues separate and apart

21   from this, which is something you all should be talking

22   about.

23            UNIDENTIFIED SPEAKER:  Thank you, Your Honor.

24            THE COURT:  I appreciate the lenders want clarity

25   as soon as possible, but I just can't do it on this record

Page 16

1   with the witnesses not here.

2           MR. HOWLEY:  Thank you, Your Honor.

3           THE COURT:  Okay.  So, as far as the other matters

4   are concerned, initial case conference, application to

5   extend the time to file schedules and motion for joint

6   administration.  I'm considering those obviously without

7   prejudice to the parties' rights as to whether the case

8   should be dismissed, but that's okay.  And I do think

9   actually, the Klein's moved promptly.  There's no question

10  about that, so there's no issue of laches there.  You've

11  raised he point about the potential estoppel prepetition.

12  That's a separate --

13          MR. GREENE:  Yeah, Your Honor, that was whole

14  purpose.

15          THE COURT:  But there's -- my going forward on the

16  other matters that were on the calendar today are without

17  prejudice to the motion to dismiss.

18          MR. GREENE:  I understand that, Your Honor.

19          THE COURT:  Okay.

20          MR. GREENE:  And, you know, Your Honor, we're

21  close to filing schedules.  We shifted efforts were diverted

22  obviously by the motion.  We believe we can have schedules

23  filed within a short periods of time and we also believe

24  that the joint administration here makes sense, that for the

25  purpose of having these cases administered jointly.

1              THE COURT:  Well, I don't have an issue with the

2      joint -- does anyone have an issue with joint

3      administration?  That's granted.

4              As far as the time to file schedules, you had

5      asked until July 2nd.  Are you saying that you need some

6      more time beyond that?

7              MR. GREENE:  I would ask, Your Honor, based upon,

8      I would ask for, you know, maybe a week --

9              THE COURT:  July 9th?

10             MR. GREENE:  Right.

11             THE COURT:  That's fine.  And on the initial case

12     conference, there are two lenders here, the Deutsche Bank

13     and then there's the Mezz facility.  Is there cash -- are

14     there cash collateral issues?

15             MR. GREENE:  No, there are not right now because

16     there's a lock box in place.

17             MR. DOHERTY:  Well, I may disagree with that.

18     We're the mortgage lender.  The collateral here for our loan

19     is the shopping center, the 300,000 square foot shopping

20     center in New Jersey with Kmart's and TJ Maxx and all that.

21     And those tenants paying each month into what we call the

22     Signature bank account and once a month that is swept by the

23     servicer and the monies are used to pay debt service and for

24     any protected advances for the property.

25             THE COURT:  Right.

1            MR. DOHERTY:  Until we have now is three and a

2    half weeks where we don't know what's going on with the

3    cash.

4            THE COURT:  Okay.

5            MR. DOHERTY:  We don't know what's going on with

6    the tenant and we don't know if anything is going on with

7    the property and so soon, I would expect, since this hasn't

8    been resolved today, we'll be making a motion for use of

9    cash collateral.

10            THE COURT:  Okay.  So, well no, they won't be

11    making a motion for you.

12            MR. DOHERTY:  (Indiscernible).

13            THE COURT:  But is the -- has the cash been used

14    since the petition date in the account?

15            MR. GREENE:  No, Your Honor.  The principle is

16    here it's in the bank.

17            THE COURT:  Okay.

18            MR. GREENE:  And, Your Honor, we would attempt to

19    work out a stipulation for cash collateral, because we

20    are --

21            THE COURT:  Okay.

22            MR. GREENE:  -- have the like interest of keeping

23    the shopping center going.

24            THE COURT:  Right.

25            MR. GREENE:  So, I will contact counsel or he's

```
 1   free to call me and I'm sure we could stipulate for the

 2   appropriate use.

 3             THE COURT:  But in the mean time, you're not using

 4   rents to run the business or for any other reason?

 5             MR. GREENE:  No, Your Honor. And any expenditure

 6   that have been laid out, have been laid out by the

 7   principals and not by the debtor.

 8             THE COURT:  Okay.  All right.  Okay.  So, you're

 9   right.  I'm assuming that you'll be speaking with counsel

10   for Deutsche Bank on that consensual cash collateral stip.

11   And that will probably include some disclosure about the

12   money going into the account.

13        Okay.

14             MR. GREENE:  Your Honor, I think we -- for the

15   next status conference, whatever date we get, we'll roll

16   into the same date?

17             THE COURT:  Fine.  Yeah, that's fine.

18             MR. GREENE:  Okay.

19             THE COURT:  So, why don't you talk between

20   yourselves first on what sort of discovery you think is

21   worthwhile here.  I'll resolve that if you can't reach

22   agreement on how long that will take.  And then you can get

23   a date from Ms. Lee for an evidentiary hearing.  I imagine

24   it will be about a half a day is my guess.

25             MR. GREENE:  I would say so, Your Honor.
```

1          THE COURT:  But I would urge you all to resolve

2     it.  I think, unless I'm missing something here, whether

3     there's an authority problem or not, if the only reason that

4     the Klein's don't want this to be in Chapter 11 is because

5     of their own personal issues, they're in a conflict

6     situation and there's a problem there somewhere.  Maybe not

7     in this Court, but it will be somewhere.

8          MR. GREENE:  I agree, Your Honor, and I've opened

9     the dialogue with Mr. Howley and we will continue along

10    those lines to see if we can reach some sort of agreement.

11         THE COURT:  Okay.

12         MR. GREENE:  Thank you, Your Honor.

13         THE COURT:  All right.  Thanks.

14    (Proceedings concluded at 11:30 a.m.)

15

16

17

18

19

20

21

22

23

24

25

```
 1                            INDEX

 2                            RULING

 3                                        PAGE      LINE

 4     Motion for Joint Administration      17        1

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Page 22

1                      C E R T I F I C A T I O N

2

3      I, Melissa Looney, certify that the foregoing transcript is

4      a true and accurate record of the proceedings.

5

6      *Melissa Looney*    Digitally signed by Melissa
                           Looney
                           DN: cn=Melissa Looney, o, ou,
                           email=digital1@veritext.com,
                           c=US
7      _____    Date: 2014.07.14 16:52:56 -04'00'

8      Melisa Looney

9      AAERT Certified Electronic Transcriber CET - 607

10

11

12     Veritext

13     330 Old Country Road

14     Suite 300

15     Mineola, NY 11501

16     Date:  July 14, 2014

17

18

19

20

21

22

23

24

25