**ROBINSON BROG LEINWAND GREENE**
 **GENOVESE & GLUCK P.C.**
875 Third Avenue
New York, New York 10022
A. Mitchell Greene
*Attorneys for the Debtors and Debtors in Possession*
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| AC I INV MANAHAWKIN LLC, | Case No.: 14-22791 through |
| AC I MANAHAWKIN MEZZ LLC, and | 14-22793 (RDD) |
| AC I MANAHAWKIN LLC, | (Jointly Administered) |
| Debtors. | |

-----------------------------------------------------------X

**DEBTORS' MOTION FOR ENTRY OF ORDER FURTHER EXTENDING EXCLUSIVE RIGHT TO FILE A PLAN OF REORGANIZATION AND TO SOLICIT ACCEPTANCES WITH RESPECT THERETO AND FOR RELATED RELIEF**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

The debtors and debtors in possession, AC I Inv Manahawkin LLC ("Inv"), AC I Manahawkin Mezz LLC ("Mezz") and AC I Manahawkin LLC ("LLC", and defined together with Inv and Mezz as the "Debtors"), by their attorneys, seek the entry of an order, a proposed form of which is annexed to this application as **Exhibit A**, pursuant to Section 1121 of Title 11 of the United States Code (the "Bankruptcy Code") further extending the time within which the Debtors have the exclusive right to file a plan of reorganization and to solicit acceptances with respect thereto for 120 days through and including May 30, 2015 and July 30, 2015, respectively. In support thereof, the Debtors state:

{00712142.DOCX;1 }

## JURISDICTION AND VENUE

1. Jurisdiction over this application is vested in the United States District Court for this District pursuant to 28 U.S.C. § 1334.

2. This motion has been referred to this Court for consideration pursuant to Section 157 of the Judicial Code and the *Standing Order of Reference Regarding Title 11* (S.D.N.Y. Feb 1, 2012) (Preska, C.J.).

3. This is a core proceeding arising under title 11 of the United States Code. See 28 U.S.C. § 157(b)(1). The statutory predicate for the relief sought is Section 1121 of the Bankruptcy Code.

4. Venue of this civil proceeding in this district is proper pursuant to 28 U.S.C § 1409.

## BACKGROUND

5. Inv owns a 100% interest in Mezz, a holding company, which in turn owns a 100% interest in LLC, which owns the real property located at 601 Washington Avenue, Manahawkin, New Jersey, from which a shopping mall is operated.

6. LLC owns and operates a shopping mall known as Manahawkin Commons, which sits on a 48 acre site located in Manahawkin, New Jersey (the "Property"). The Property currently has TJ Maxx, Staples, K-Mart, Pier One, Regal Cinema and Michaels as anchor tenants.

7. On June 4, 2014, (the "Petition Date") the Debtors filed emergency voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. On June 30, 2014, this Court signed an order directing the joint administration of the Debtors' cases.

8. The Debtors filed their schedules and statement of financial affairs on July 9, 2014. No committee, trustee or examiner has been appointed in the Debtors' cases.

**RELIEF REQUESTED**

9. Pursuant to section 1121(b) of the Bankruptcy Code, the Debtors have the exclusive right to file a plan of reorganization during the first 120 days following the Petition Date (the "Exclusivity Period"). In addition, pursuant to Section 1121(c)(3) of the Bankruptcy Code, the Debtors are given the exclusive right to solicit acceptances to any plan filed during the Exclusivity Period for one hundred eighty (180) days following the Petition Date (the "Acceptance Period," together with the Exclusivity Period, the "Exclusive Periods"). Pursuant to Section 1121(d) of the Bankruptcy Code, this Court may extend the Exclusive Periods.

10. The current Exclusivity Period and Acceptance Period expire on January 30, 2015 and March 31, 2015, respectively. The filing of a motion pursuant to Section 1121(d) prior to the expiration of the Exclusive Periods tolls the deadline pending resolution of such motion. See 11 U.S.C. § 1121(d)(1) ("[s]ubject to paragraph (2) on request of a party in interest made *within the respective periods specified in subsections (b) and (c) of this section . . . the court may for cause reduce or increase the 120 day period or the 180 day period referred to in this section.*") (emphasis added).

11. This is the Debtors' second request for an extension of the Exclusive Periods. The Debtors seek the entry of an order further: (i) extending the Exclusivity Period for 120 days to and including May 30, 2015, and (ii) extending the Acceptance Period for 120 days to and including July 30, 2015; to ensure that this Court, the Debtors and other parties in interest are not distracted by the filing of any competing or premature plans.

12. The Debtors submit they should be granted the requested extensions of the Exclusive Periods so that they will have sufficient time to confirm the Plan.

**CAUSE EXISTS FOR AN EXTENSION OF THE EXCLUSIVE PERIODS**

13. The Debtors' Exclusive Periods may be extended by this Court for "cause" pursuant to Section 1121(d) of the Bankruptcy Code.

14. The moving party bears the burden of establishing that cause exists for an extension of exclusivity under Section 1121(d) of the Bankruptcy Code. In re Texaco, Inc., 76 B.R. 322, 326 (Bankr. S.D.N.Y., 1987). Whether cause exists to extend a debtor's exclusive period is a decision committed to the sound discretion of the bankruptcy court based upon the facts and circumstances of each particular case. See, e.g., In re Adelphia Commc'ns Corp., 352 B.R. 578, 586 (Bankr. S.D.N.Y. 2006), First American Bank of New York v. Southwest Gloves and Safety Equipment, Inc., 64 B.R. 963, 965 (D. Del. 1986); Texaco, 76 B.R. at 325; In re Reetz, 61 B.R. 412, 414 (Bankr. W.D. Wis. 1987); In re Tony Downs Foods Co., 34 B.R. 405, 407 (Bankr. D. Minn. 1983). Bankruptcy courts exercise broad flexibility in making such determinations. See, H.R. Rep. No. 595, 95th Cong., 2d Sess. 232 (1978); See also In re Perkins, 71 B.R. 294 (W.D. Tenn. 1987) ("The hallmark of [Section 1121(d)] is flexibility").

15. Bankruptcy courts generally focus on nine factors to determine whether a motion to extend exclusivity pursuant to 11 U.S.C. § 1121(d) should be granted:

(a) the size and complexity of the case;
(b) the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;
(c) the existence of good faith progress toward reorganization;
(d) the fact that the debtor is paying its bills as they become due;
(e) whether the debtor has demonstrated reasonable prospects for filing a viable plan;
(f) whether the debtor has made progress in negotiations with its creditors;

(g) the amount of time which has elapsed in the case;
(h) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and
(i) whether an unresolved contingency exists.

In re Adelphia 352 B.R. at 857.

16. This is the Debtors' second request for an extension of their Exclusive Periods. The Debtors submit that factors "(h)" and "(i)" are inapplicable to the instant case as they are not using exclusivity to pressure creditors and there are no unresolved contingencies that the Debtors are aware of at this time. The Debtors submit that they satisfy factors "(a)" through "(g)" which militate towards granting the relief requested.

17. The Debtors retained a real estate broker which retention was approved by order entered on November 13, 2014 (ECF doc. no. 81). The Property has been aggressively marketed and the broker, in consultation with the Debtors, is working with several potential bidders who have established their interest in being the designated stalking horse bidder in a potential sale of the Property. Pursuant to the bidding procedures approved by the Court by order entered on January 13, 2015 (ECF doc. no. 97), the bid deadline is February 5, 2015; an auction is currently scheduled for February 9, 2015 and a hearing to confirm the results of the auction is scheduled for February 11, 2015. As these deadlines may be extended by the language of the bidding procedures, and the Debtors seek to maximize the sale price for the Property, the Debtors submit that they will be in the best position to submit a feasible and confirmable plan only after the auction process concludes.

18. The Debtors are also negotiating with their senior secured creditor in connection with a resolution of its claim as well as its recently filed motion to determine the amount of its secured claim. The resolution of this issue by the Debtors, whether by settlement between the

parties or adjudication of the motion, will be a key component to any proposed plan and the treatment of the senior secured creditor's claim provided for therein.

19. The Debtors submit that in light of the instant facts and circumstances and in order to provide the Debtors with sufficient time to formulate a plan of reorganization or liquidation, that good cause exists to extend the Exclusive Periods. The Debtors believe that the requested extensions will promote the orderly reorganization of the Debtors without the need to devote unnecessary time, money and energy to defending against or responding to a competing plan.

20. The Debtors have served this application on the Office of the United States Trustee, the holders of twenty largest unsecured claims, counsel to the Debtors' secured creditors, and all parties who have filed notices of appearance in this case. The Debtors submit that such service be deemed appropriate and sufficient under the circumstances.

23. No prior application for the relief sought has been made by the Debtors to this or any other court.

**WHEREFORE**, the Debtors respectfully request that this Court grant the relief sought in this motion and enter an order pursuant to Sections 1121(b), (c)(3) and (d) of the Bankruptcy Code: (i) extending the Debtors' exclusive right to file a plan of reorganization to and including **May 30, 2015;** (ii) and in the event that the Debtors file a plan of reorganization prior to **May 30, 2015,** further extending the Debtors' right to solicit acceptances with respect thereto to and including **July 30, 2015**; and (iii) granting to the Debtors such other and further relief as may be just and appropriate.

**Dated:** New York, New York
January 30, 2015

**ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.**
Attorneys for the Debtors
875 Third Avenue, 9th Floor
New York, New York 10022
Tel. No.: 212-603-6300

By: /s/ A. Mitchell Greene
A. **Mitchell Greene**