**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                         :

In re                                           :                          Chapter 11

AC I INV MANAHAWKIN LLC,                :                          Case No.:    14-22791 through
AC I MANAHAWKIN MEZZ, LLC, and      :                                                  14-22793 (RDD)
AC I MANHAWKIN, LLC                       :
                                                        :                          (Jointly Administered)
                Debtors.                      :
                                                        :
-----------------------------------------------------------------x

**STIPULATED ORDER REGARDING**
**MOTION OF RIALTO CAPITAL ADVISORS, LLC, SOLELY**
**IN ITS CAPACITY AS SPECIAL SERVICER, PURSUANT TO 11 U.S.C.**
**§§ 105(a) AND 506(a) AND RULE 3012 OF THE FEDERAL RULES OF**
**BANKRUPTCY PROCEDURE TO (I) DETERMINE VALUE OF SECURED**
**CLAIM AND (II) FIX ALLOWED AMOUNT OF CLAIM, AS MODIFIED**

      This stipulation and agreed order (the "Stipulation and Order"), as modified, is made by and between Deutsche Bank Trust Company Americas, as Trustee for the Registered Holders of the Wells Fargo Commercial Mortgage Securities, Inc., Commercial Mortgage Pass-Through Certificates, Series 2011-C3, by Rialto Capital Advisors, LLC, solely in its capacity as Special Servicer, ("Rialto") and Debtor AC I Manahawkin, LLC ("Borrower" or "Debtor") in respect of Rialto's *Motion Pursuant to 11 U.S.C. §§ 105(a) and 506(a) and Rule 3012 of the Federal Rules Of Bankruptcy Procedure to Determine Value Of Secured Claim* (the "Motion").

**RECITALS**

      WHEREAS, on June 4, 2014 (the "Petition Date"), the above-captioned Debtors filed voluntary petitions under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

WHEREAS, the Debtors are currently operating their business and managing their affairs as debtors-in-possession under Sections 1107(a) and 1108 of the Bankruptcy Code.

WHEREAS, on or about February 3, 2011, Debtor entered into a loan transaction with RCG LV Debt IV Non-REIT Holdings LLC ("<u>RCG</u>") wherein it borrowed approximately $36 million (as amended, modified, and restated, the "<u>Mortgage Loan</u>,").

WHEREAS, on or about May 27, 2011, Borrower and RCG amended and restated the Mortgage Loan and entered into documents in furtherance of such amendment (the "<u>Amendment</u>").

WHEREAS, pursuant to the Amendment, the principal amount of the Mortgage Loan was reduced to $31,991,789.35.

WHEREAS, the Mortgage Loan is currently held by Deutsche Bank Trust Company Americas, as Trustee for the Registered Holders of the Wells Fargo Commercial Mortgage Securities, Inc., Commercial Mortgage Pass-Through Certificates, Series 2011-C3 (the "<u>Lender</u>").

WHEREAS, Rialto is the Special Servicer of the Mortgage Loan.

WHEREAS, Section 2.2.4 of the Mortgage Loan Agreement[1] provides that upon the occurrence and during the continuance of an Event of Default, "(a) **interest on the outstanding principal balance of the Loan** and, to the extent permitted by Applicable Law, overdue interest and other amounts due in respect of the Loan, **shall accrue at the Default Rate** . . . ."

WHEREAS, the "Default Rate" under the Mortgage Loan Agreement is "five percent (5%) above the Note Rate."

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

{00719178.DOC;3 } - 2 -

WHEREAS, Section 2.2.4 of the Mortgage Loan Agreement provides that "[t]o the extent permitted by Applicable Law, interest at the Default Rate shall be added to the Debt, shall itself accrue interest at the same rate as the Loan, and shall be secured by the Security Instrument."

WHEREAS, among other things, Debtor acknowledges that on each of September 1, 2013, October 1, 2013, December 1, 2013, January 1, 2014, February 1, 2014, March 1, 2014, and May 1, 2014, Debtor failed to fully pay amounts due and owing at such relevant time under the Loan Documents.

WHEREAS, in accordance with the Intercreditor Agreement, RCG paid Lender certain of the amounts owing in respect of unpaid principal and non-default interest and amounts necessary to repay Lender for certain amounts advanced (including interest) (the "RCG Cure Amounts").

WHEREAS, the RCG Cure Amounts received by Lender were applied against the outstanding principal and interest owing in respect of the Mortgage Loan and for certain real estate tax payments.

WHEREAS, the RCG Cure Amounts did not reimburse Lender for all amounts then due in respect of the Debt (as defined in the Mortgage Loan Agreement), including, without limitation, the outstanding Late Payment Charges, outstanding legal fees and default interest each due in accordance with the Mortgage Loan Agreement.

WHEREAS, Debtor acknowledges that it never paid Lender the outstanding Late Payment Charges, the outstanding legal fees and default interest each due in accordance with the Mortgage Loan Agreement.

WHEREAS, Debtor acknowledges that certain other Events of Default have occurred and have continued since the dates set forth in the Motion.

WHEREAS, Debtor acknowledges that, through February 15, 2015, it owes Lender default interest totaling no less than $2,261,515.01 (the "Outstanding Default Interest"), including default interest that accrued prior to the Petition Date totaling $1,170,474.21 and default interest that accrued on or after the Petition Date totaling $1,091,040.80.

WHEREAS, Debtor acknowledges that the Outstanding Default Interest does not take into account Lender's right to accrue interest on interest pursuant to Section 2.2.5 of the Mortgage Loan Agreement and that the full interest calculation would be greater if taken into account.

WHEREAS, Debtor acknowledges that it owes Lender late fees totaling no less than $179,542.00 (the "Late Charges") that accrued prior to the Petition Date.

WHEREAS, Debtor acknowledges that it owes Lender no less than $776,172.91 in respect of amounts advanced by Rialto pursuant to the Mortgage Loan Agreement, including amounts paid by Rialto in respect of attorneys' fees (the "Property Advances").

WHEREAS, on September 19, 2014, the Bankruptcy Court entered its *Stipulated Final Order Authorizing the Debtor to Use Lender's Cash Collateral and Provide Adequate Protection to the Lender Pursuant to 11 U.S.C. §§ 361, 362, and 363* (ECF No.[2] 60; the "Cash Collateral Order").

WHEREAS, pursuant to the Cash Collateral Order, subject to certain deadlines (all of which have since passed), the Debtor, on behalf of itself and its affiliates, parents,

---

[2] Unless otherwise noted "ECF No." refers to the docket number of pleadings filed in Case No. 14-22791, which has been designated the lead case in the Debtors' jointly administered Chapter 11 cases.

members, shareholders, and managers irrevocably stipulated and acknowledged as follows (collectively, the "**Stipulations**"):

        1.      <u>Mortgaged Property</u>. The Debtor is the current owner of certain real property located in Manahawkin, Ocean County, New Jersey, more particularly described on Exhibit A to the Security Instrument (as defined below), including all additional land, improvements, easements, and fixtures which comprise an approximately 321,000 square foot shopping center (the "**Mortgaged Property**");

        2.      <u>Mortgage Loan</u>. On or around February 3, 2011, RCG LV Debt IV Non-REIT Assets Holdings, LLC, as Lender ("**Original Lender**") made a mortgage loan (the "**Mortgage Loan**") to the Debtor. The Mortgage Loan was made pursuant to the Loan Agreement, dated February 3, 2011 (as assigned, amended, supplemented or otherwise modified from time to time, including the First Amendment to Loan Agreement and Other Loan Documents, dated May 27, 2011), the "**Mortgage Loan Agreement**"). The Mortgage Loan is further evidenced by the Promissory Note, dated February 3, 2011, in the original principal amount of $36,630,000.00 (as assigned, amended, supplemented or otherwise modified from time to time, including the Amended and Restated Promissory Note, dated May 27, 2011, in the principal amount of $31,991,789.35), the "**Mortgage Loan Note**"). The Loan Documents (defined below) were assigned to and are now held by Deutsche Bank Trust Company Americas, as Trustee for the Registered Holders of the Wells Fargo Commercial Mortgage Securities, Inc., Commercial Mortgage Pass-Through Certificates, Series 2011-C3 ("**Lender**"). Rialto is the Special Servicer for the Lender under the Pooling and Servicing Agreement, dated as of June 1, 2011 by and among Wells Fargo Commercial Mortgage Securities, Inc., as depositor, Wells Fargo Bank, National Association, as master servicer, Midland Loan Services, a Division of PNC Bank, National Association, as special servicer, Pentalpha Surveillance LLC, as trust advisor, Wells Fargo Bank, National Association, as certificate administrator, as tax administrator and as custodian, and Deutsche Bank Trust Company Americas, as trustee (the "**Pooling Agreement**").

        3.      <u>Loan Documents</u>. For purposes of this Final Order, the term "**Loan Documents**" shall mean and include, without duplication: (a) the Mortgage Loan Agreement; (b) the Mortgage Loan Note; (c) the Mortgage and Security Agreement, dated February 3, 2011 (the "**Security Instrument**"); (d) the Lockbox-

Clearing Account Control Agreement, dated January 2012 (the "**LCACA**," as assigned, amended, continued, renewed, supplemented or otherwise modified from time to time or replaced by that Deposit Account Control Agreement (Hard Lockbox) dated August [●], 2014 (the "**August 2014 DACA**"); (e) the Conditional Assignment of Management Agreement, dated February 3, 2011 (as assigned, amended, continued, renewed, supplemented or otherwise modified from time to time); (f) the Environmental Indemnity Agreement, dated February 3, 2011 (as assigned, amended, continued, renewed, supplemented or otherwise modified from time to time); (g) the Assignment of Leases and Rents, dated February 3, 2011 (as assigned, amended, continued, renewed, supplemented or otherwise modified from time to time) (the "**AL&R**"); (h) the Intercreditor Agreement between Original Lender and RCG LV Debt Non-REIT Assets Holdings, LLC, as Mezzanine Lender, dated February 3, 2011; (i) any UCC financial statements filed by Lender to perfect its interest in any collateral of the Debtor (as assigned, amended, continued, renewed, supplemented or otherwise modified from time to time); and (j) all other documents executed and/or delivered in connection with the Mortgage Loan, including, without limitation, the Guaranty of Recourse Obligations of Borrower, dated February 3, 2011 (as assigned, amended, continued, renewed, supplemented or otherwise modified from time to time).

4. <u>Prepetition Indebtedness</u>. As of the Petition Date, the total principal amount outstanding under the Loan Documents, exclusive of interest, fees, expenses, attorneys' fees and special servicer fees, which continue to accrue in accordance with the Loan Documents, was $30,825,406.56 (the "**Prepetition Mortgage Debt**").

5. <u>Security</u>. Before the Petition Date, to secure all indebtedness arising under the Loan Documents, including the Prepetition Mortgage Debt, the Debtor granted to the Lender first priority liens and security interests (the "**Prepetition Liens**") on and in: (i) the Mortgaged Property; (ii) substantially all the Debtor's assets and properties, whether real or personal, tangible or intangible, and wherever located, and whether now or hereafter acquired; and (iii) all the cash, cash equivalents, proceeds, profits, products, offspring, rents, drafts, certificates, securities, and investment property, financial assets, instruments, and other property and the proceeds, products, distributions, dividends and/or substitutions thereon and thereof, including all property constituting "cash collateral" as defined in Section 363 of the Bankruptcy Code (the "**Cash Collateral**"), in each case as more particularly described in the Security Instrument, the AL&R, and other Loan Documents.

The items described in (i), (ii), and (iii) of the preceding sentence, as well as any other collateral or security as set forth or described in the Loan Documents are collectively referred to herein as the "**Collateral**").

6. <u>Priority</u>. The Loan Documents are valid, enforceable, binding agreements and obligations of the Debtor. The Prepetition Liens (a) constitute valid, binding, enforceable, nonavoidable, and properly perfected first priority security interests and liens on and in the Collateral and are not and (b) shall not be subject to avoidance, disallowance, disgorgement, reductions, setoff, recharacterization, subordination (whether equitable, contractual, or otherwise), counterclaims, cross-claims, defenses or any other challenges of any kind or any nature under the Bankruptcy Code or any other applicable law or regulation. The Prepetition Mortgage Debt, including, without limitation, all principal, interest, fees, expenses, and other amounts outstanding or owing, or which may become outstanding and owing, constitutes the legal, valid, binding, and outstanding obligation of the Debtor.

7. <u>Waiver</u>. The Debtor hereby waives, discharges, and releases any right or claim that it may have to challenge any of the Prepetition Mortgage Debt, Prepetition Liens, and the validity or enforceability of the Loan Documents under the Bankruptcy Code or any other applicable law or regulation.

WHEREAS, pursuant to Paragraph ten (10) of the Cash Collateral Order, parties in interest would be bound by the Stipulations unless they commenced an adversary proceeding within the Challenge Period.

WHEREAS, no party in interest commenced an adversary proceeding or otherwise sought to challenge the Debtor's Stipulations during the Challenge Period.

WHEREAS, pursuant to the Cash Collateral Order:

> [T]he (i) [S]tipulations [are] final and binding on the Debtor and all parties in interest (including the U.S. Trustee) and (ii) **the Prepetition Mortgage Debt and Lender's Prepetition Liens in the Mortgaged Property, Collateral, and Cash Collateral securing such debt [are] valid, perfected, non-avoidable, first priority secured debt and in full force and effect**, not subject to any claims, counterclaims, setoffs, or defenses under the Bankruptcy Code or any other applicable law or regulation, except with respect to the value of the

> Collateral and the amount of any deficiency claim under Section 506(q) of the Bankruptcy Code, if any.

Cash Collateral Order at 10 (emphasis added).

WHEREAS, pursuant to the Cash Collateral Order, the Debtor was required to make payments to Rialto, for the benefit of Lender, "as provided for in the Budget . . . of current amounts under the Loan plus the amount necessary to fund the Debtor's tax and other escrowed payments and to reimburse Rialto for the postpetition fees and costs incurred in connection with this Chapter 11 case" (the "<u>Adequate Protection Payments</u>").

WHEREAS, Exhibit "A" attached hereto sets forth the portion of the Adequate Protection Payments that the Debtor has made in respect of the payments of principal and interest that were required and/or would be required under the Mortgage Loan Agreement for the period June 2014 through June 2015.

WHEREAS, Lender is holding certain prepetition and postpetition holdbacks, escrowed amounts and reserves provided for under the Loan Documents and the Cash Collateral Order (the "<u>Reserves</u>") which Reserves may be supplemented by the Debtor's continued Adequate Protection Payments. Any monies collected in excess of amounts required to fund Adequate Protection Payments and the other amounts contemplated by the approved budget, including the escrowed amounts provided for under the Loan Documents and the budget, shall be deposited in the excess cash reserve account and applied to the Agreed Payment as set forth in paragraph 3 herein.

WHEREAS, the Reserves serve as additional collateral for the Mortgage Loan.

WHEREAS, on or about August 22, 2014, Rialto, for the benefit of Lender, commenced an action in the Supreme Court of the State of New York, Index No. 652597/2014, against defendants Benjamin Ringel, Tibor Klein, and Gershon Klein (the

"Guarantor Action") with respect to a guaranty executed by such defendants in connection with the Mortgage Loan.

WHEREAS, Debtor has entered into a contract with Hampshire Global Partners LLC relating to the sale of the Mortgaged Property (the "Sale").

WHEREAS, the Debtor believes that the proceeds of the Sale (the "Sale Proceeds") will be sufficient to satisfy all creditors in full.

WHEREAS, in connection with the Sale, Debtor desires to satisfy the Mortgage Loan in full to end the further accrual of interest and fees.

WHEREAS, Debtor acknowledges that pursuant to section 2.3.3 of the Mortgage Loan Agreement (the "Prepayment After Default Provision"), if, after the occurrence of an Event of Default, Borrower pays all or any portion of the Mortgage Loan, or if all or any portion of the Mortgage Loan is recovered by Lender after the occurrence of an Event of Default, Borrower is required to pay Lender a premium equal to 5% if the Original Loan Amount in addition to all other amounts owing under the Loan Documents (the "Prepayment Premium").

WHEREAS, in the Motion, Rialto has sought a determination concerning (i) the amount of Lender's allowed claim and (ii) the secured status of that claim.

WHEREAS, the Parties desire to resolve the Motion, any and all alleged defaults in the Cash Collateral Order, their disputes relating to the Mortgage Loan Agreement and the other Loan Documents, including, with respect to (i) the amount of Lender's allowed claim and (ii) the secured status of that claim

**NOW THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE, AND UPON THE BANKRUPTCY COURT'S APPROVAL, IT SHALL BE ORDERED AND BINDING ON ALL PARTIES IN INTEREST AS FOLLOWS**:

1. This Stipulation and Order will become effective on the date that it is entered as an order of the Bankruptcy Court (the "Effective Date").

2. The recitals above are incorporated by reference.

3. Provided the Sale closes on or before June 15, 2015, in full and final satisfaction of Lender's claim against Debtor, Rialto, for the benefit of Lender, shall be entitled to and shall receive directly out of the Sale Proceeds, and Debtor agrees to remit, in addition to the other amounts set forth herein, an amount equal to: (i) $33,450,000.00 plus any Shortfall (defined below), less (ii) the amount held by Lender in the Reserves which Rialto, for the benefit of Lender, shall be entitled to retain and apply against the amounts owing to Rialto for the benefit of Lender (the "Agreed Payment"). Notwithstanding the foregoing and for the avoidance of doubt, Rialto's agreement to waive the Prepayment Premium and Late Charges and exclude the same from the Agreed Payment is not contingent upon the Sale closing on or before June 15, 2015 or Rialto's receipt of the Agreed Payment and the waiver of the Prepayment Premium and the Late Charges shall be permanent and irrevocable upon entry of this Stipulation and Order.

4. In the event Rialto, for the benefit of Lender, does not receive the full amount of the Adequate Protection Payments due under the Cash Collateral Order for the months of March 2015, April 2015, May 2015 or June 2015 (all such deficiencies together the "Shortfall"), Rialto, for the benefit of Lender, shall be paid the Shortfall directly out of the Sale Proceeds as part of the Agreed Payment.

5. Except as set forth in paragraph 6 herein, in addition to the Agreed Payment, Rialto, for the benefit of Lender, shall be entitled to (i) retain the Adequate Protection Payments until Rialto receives the Agreed Payment for the benefit of Lender, and (ii) apply the Adequate Protection Payments as Rialto determines in accordance with the Loan Documents.

6. Rialto, for the benefit of Lender, shall be entitled to retain the principal portion of the May 2015 Adequate Protection Payment and the June 2015 Adequate Protection Payment as an extension fee (the "Extension Fee") for the June 15, 2015 payment deadline. To the extent the Agreed Payment is received by June 15, 2015, the principal portion of the June 2015 Adequate Protection Payment will be adjusted at closing and 50% of the June principal payment shall be credited to the Debtor first as against per diem interest and the balance if any so as to reduce the Agreed Payment. In the event that the Agreed Payment is not received on or before June 15, 2015, the Extension Fee shall be applied as against the default interest amounts described in paragraph 10 below.

7. The Mortgage Loan shall continue to accrue interest at the Default Rate, provided, however, that if Rialto, for the benefit of Lender, receives the Agreed Payment on or before June 15, 2015, Rialto, for the benefit of Lender, shall waive Lender's claim for default interest for the period beginning February 15, 2015, through June 15, 2015.

8. Upon the date of the execution of this Stipulation and Order by the parties, Rialto, for the benefit of Lender, hereby agrees (i) to hold the Guarantor Action in abeyance and, (ii) if Rialto, for the benefit of Lender, receives the Agreed Payment on or before June 15, 2015, dismiss the Guarantor Action with prejudice; provided, however, that Rialto shall not be obligated to hold the Guarantor Action in abeyance if the Bankruptcy Court denies

approval of this Stipulation and Order or if the Bankruptcy Court does not approve this Stipulation and Order on or before March 31, 2015, subject to the Court's availability and subject to the scheduling of any hearing, including a telephonic hearing, in the event an objection to the Stipulation is filed.

9. If the Debtor's proposed plan of liquidation comports with this Stipulation and Rialto fails to submit a ballot in connection with the Debtor's proposed plan of liquidation, Rialto shall be deemed to have accepted the plan.

10. Notwithstanding anything to the contrary herein, in the event Rialto, for the benefit of Lender, does not receive the Agreed Payment on or before June 15, 2015, (i) the Mortgage Loan shall continue to accrue interest thereafter, including at the Default Rate; (ii) all unpaid and accrued interest on the Mortgage Loan as of June 15, 2015, including default interest, shall become immediately due and owing; and (iii) Rialto's agreement in paragraph 8 above to hold the Guarantor Action in abeyance shall be null and void. In the event the Agreed Payment is received after June 15, 2015, accrued default interest amounts due for the period beginning February 15, 2015 through the date the Agreed Payment is received shall be added to the Agreed Payment, or at its election, Rialto, for the benefit of Lender, may draw down on available Reserves to pay the accrued default interest amounts due.

11. Upon entry of this Stipulation and Order by the Bankruptcy Court, the Debtor shall be deemed to have waived and released any and all claims against Rialto or Lender arising from, or relating to, the Loan Documents, the Cash Collateral Order, this Stipulation and Order, and any acts or omissions of Rialto or Lender in connection with this Chapter 11 case and upon receipt of the Agreed Payment and, to the extent applicable,

the other amounts set forth herein, Rialto and Lender shall waive and release any and all claims against the Debtor and the Guarantors.

12. The Bankruptcy Court shall retain jurisdiction to hear all disputes arising from this Stipulation and Order

Dated: March 25, 2015

| | |
|---|---|
| **ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.** | **ALSTON & BIRD LLP** |
| /s/ A. Mitchell Greene<br>A. Mitchell Greene<br>875 Third Avenue, 9th Floor<br>New York, NY 10022<br>amg@robinsonbrog.com<br>(212) 603-6300 | /s/ David A. Wender<br>David A. Wender (admitted *pro hac vice*)<br>1201 West Peachtree Street<br>Atlanta, Georgia 30309<br>Email: David.Wender@alston.com<br>Telephone: (404) 881-7000 |
| *Counsel for the Debtors* | *Counsel for Deutsche Bank Trust Company Americas, as Trustee for the Registered Holders of the Wells Fargo Commercial Mortgage Securities, Inc., Commercial Mortgage Pass-Through Certificates, Series 2011-C3, by Rialto Capital Advisors, LLC, solely in its capacity as Special Servicer* |

SO ORDERED this 27th day of March, 2015, the only objection to the Debtor's notice of presentment seeking approval of the proposed stipulation and order having been resolved by this amended stipulation and order.

/s/ Robert D. Drain
HON. ROBERT D. DRAIN
U.S. BANKRUPTCY JUDGE

14-22791-rdd Doc 2534 Filed 03/05/01/15 Entered 03/05/01/15 17:27:13 Main Document
Rialto Stipulation Pg 14 of 14 Pg 14 of 14