**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
                                                             :
In re:                                                       :          Chapter 11
                                                             :
AC I INV MANAHAWKIN LLC,                                                 Case No. 14-22791 through
AC I MANAHAWKIN MEZZ LLC, and                                           14-22793 (RDD)
AC I MANAHAWKIN LLC,                                         :          (Jointly Administered)
                                                             :
                    Debtors.                                 :
-------------------------------------------------------------X

### ORDER APPROVING AMENDED DISCLOSURE STATEMENT ON A FINAL BASIS, CONFIRMING AMENDED PLAN OF LIQUIDATION OF AC I MANAHAWKIN LLC, AND FIXING DEADLINES FOR FILING CERTAIN CLAIMS

**UPON** the Application for an Order Approving Disclosure Statement and

Confirming Debtor's Plan of Reorganization and Granting Related Relief filed on May 1, 2015

(the (ECF doc. no. 136) (the "Scheduling Motion") and the Affidavit of Service filed with

respect thereto on May 1, 2015 (ECF doc. no. 138); and

**IT APPEARING THAT,** AC I Manahawkin LLC, debtor and debtor in

possession herein (the "Debtor") filed its Plan of Liquidation of AC I Manahawkin LLC (ECF

doc. no. 134) and its Disclosure Statement for Plan of Liquidation (ECF doc. no. 135) on May 1,

2015; and

        Due and proper notice of the Scheduling Motion having been given; and

        No objections to the Plan of Liquidation of AC I Manahawkin LLC and the Disclosure

Statement for Plan of Liquidation having been filed; and

The Debtor having filed its Amended Plan of Liquidation of AC I Manahawkin LLC,

dated June 3, 2015 (the "Plan") (ECF doc. no. 145) and its Amended Disclosure Statement for

Amended Plan of Liquidation of AC I Manahawkin LLC, dated June 3, 2015 (the "Disclosure

Statement") (ECF doc. no. 147) on June 3, 2015; and

The Debtor and Tibor Klein and Gershon Klein having agreed to the following

modification to the Disclosure Statement at the section titled "Disputed Claims and Interests" so

that the last paragraph of this section reads as follows:

The claims filed by Tibor Klein and Gershon Klein which claims were filed in each
of the Debtor and its affiliated cases, were filed in unliquidated amounts and therefore Debtor has
not and will not escrow amounts on account of these claims. The first component of the Klein
claims relates to the Deutsche Bank Allowed Secured Claim which will be satisfied at Closing. The
remainder of the Klein's are being addressed as part of the Acadia disputed claim reserve. Debtor
submits that the disputed claim reserve to be established will include a sum attributable to the
Acadia disputed claim. To the extent the Debtor prevails on its appeal, the Klein claims in
connection with the Acadia disputed claim will be resolved. To the extent Acadia prevails, the sums
escrowed to satisfy the Acadia disputed claim will be released to Acadia. The foregoing is without
prejudice to Acadia's rights to apply such payments as it determines and for any party, including
but not limited to Tibor Klein and Gershon Klein, to object to said application and seek a
determination by a court of competent jurisdiction with respect thereto. All parties rights,including,
but not limited to Tibor Klein and Gershon Kleins rights, with respect to the application of funds
released to Acadia, if any, shall be preserved.

(The "Disclosure Statement Modification"); and

The Debtor and RCG LV Debt IV Non-REIT Assets Holding, LLC ("RCG") having

agreed to the following modification to the Plan at Section 8.3 to read as follows:

Nothing contained herein shall be deemed a release with respect to the Acadia

State Court Litigation and any related appeal.

{00734295.DOC;3 }

2

(the "Plan Modification"); and

**THE** Court having held a hearing on June 9, 2015 to consider final approval of the Disclosure Statement and confirmation of the Plan (the "Confirmation Hearing"); and

**UPON** the proffer of David Goldwasser, Managing Member of GC Realty Advisors, Manager of the Debtor; and upon the proffer of counsel on the record of the Confirmation Hearing; and upon the record of the Confirmation Hearing; and

After due deliberation thereon and sufficient cause appearing therefor,

**IN ACCORDANCE** with rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Court makes the following findings of fact and conclusions of law which support final approval of the Disclosure Statement and confirmation of the Plan. To the extent any finding of fact contained herein shall later be determined to be a conclusion of law, it shall be so deemed and to the extent any conclusion of law contained herein shall later be determined to be a finding of fact it shall be so deemed.

**The Court Finds and Concludes That:**

### Jurisdiction and Venue

1.      This civil proceeding arises under sections 1128 and 1129 of title 11 of the United States Code (the "Bankruptcy Code") and arises in a case under the Bankruptcy Code.

2.      Jurisdiction over this civil proceeding is vested in the United States District Court for this District pursuant to section 1334 of title 28 of the United States Code (the "Judicial Code").

{00734295.DOC;3 }

3

3.      This civil proceeding arising under sections 1128 and 1129 of the

Bankruptcy Code and arising in a case under the Bankruptcy Code has been referred to this

Court pursuant to section 157(a) of the Judicial Code and the Standing Order of Reference

Regarding Title 11 Cases to Bankruptcy Judges (S.D.N.Y. February 21, 2012) (Preska, C.J.).

4.      This is a core proceeding arising under sections 1128 and 1129 of the

Bankruptcy Code and arising in a case under the Bankruptcy Code, see 28 U.S.C. § 157(b),

which the Court can determine by final order.

5.      This Court may hear and determine this proceeding and enter appropriate

orders and judgments pursuant to section 157(b)(1) of the Judicial Code.  See 28 U.S.C.

§ 157(b)(2)(A), (L) and (O).

6.      Venue of this civil proceeding in this district is proper pursuant to section

1409 of the Judicial Code.

**Disclosure Statement**

7.      The Disclosure Statement has been modified by the Disclosure Statement

Modification placed on the record of the Confirmation Hearing and the Disclosure Statement

Modification has been consented to by the Debtor, Acadia, Tibor Klein and Gershon Klein.  All

references to the Disclosure Statement hereinafter contained in this Confirmation Order shall be

to the Disclosure Statement as modified herein.

8.      On June 9, 2015 this Court determined that the Disclosure Statement

contains adequate information in accordance with section 1125 of the Bankruptcy Code.

**No Solicitation of Ballots; Objections**

{00734295.DOC;3 }

4

9.      As set forth in the Affidavit of Service filed on May 5, 2015 (ECF doc. no. 138), the Scheduling Motion, plan of liquidation of AC I Manahawkin LLC and the disclosure statement for plan of liquidation of AC I Manahawkin LLC were served upon all interested parties in accordance with the applicable Bankruptcy Rules.

10.      All persons, entities and governmental agencies entitled or required to receive notice of the filing of the Scheduling Motion, plan of liquidation of AC I Manahawkin LLC and the disclosure statement for plan of liquidation of AC I Manahawkin LLC have received due, proper and adequate notice of the Confirmation Hearing.

11.      No objections to the Scheduling Motion, plan of liquidation of AC I Manahawkin LLC or disclosure statement for plan of liquidation of AC I Manahawkin LLC have been filed.

12.      The Debtor filed its Plan and its Disclosure Statement for the Plan on June 3, 2015.

13.      The Plan has been modified by the Plan Modification placed on the record of the confirmation hearing and the Plan Modification has been consented to by the Debtor, and RCG.

14.      The Debtor's agreement to the Plan Modification does not constitute a concession by the Debtor, nor a finding by this Court as to RCG's standing to be heard in the Debtor's proceeding.

15.      Creditors in classes 1 through 3 and Interest Holders in Class 4 are unimpaired by the Plan under section 1124 of the Bankruptcy Code and are deemed to have

{00734295.DOC;3 }

accepted the Plan.

## The Plan Modification

16.     The Plan Modification does not (a) constitute a material modification of the Plan, (b) cause the Plan, as modified herein, to fail to meet the requirements of sections 1122 or 1123 of the Bankruptcy Code, (c) adversely change the treatment of holders of Claims who have accepted the Plan, or (d) require solicitation of acceptances or rejections from any such holders; nor is additional notice or a hearing required with respect to such modification; and all references to the Plan hereinafter contained in this Confirmation Order shall be to the Plan as modified herein.

## Conditions Precedent

17.     All of the conditions precedent to Confirmation, if any, set forth in the Plan have been met or waived on the record in open court.

## Section 1129(a)

18.     The Plan complies with the applicable provisions of the Bankruptcy Code.

19.     The Plan properly classifies Claims and Interests as required by section 1122 of the Bankruptcy Code.

20.     The Claims and Interests within each Class designated under the Plan are substantially similar.

21.     The classification of Claims and Interests was properly made and is appropriate in accordance with the terms of the Plan and the requirements of section 1122 of the Bankruptcy Code for the purposes of distribution of the consideration to be distributed to holders

{00734295.DOC;3 }

of Claims and Interests under the Plan.

22.     The Plan specifies the classes of Claims and Interests that are impaired or not impaired under the Plan, as required by section 1123(a)(2) of the Bankruptcy Code.

23.     The Plan provides the same treatment for each Claim or Interest of a particular class, unless the holder of a particular Claim or Interest agrees to a less favorable treatment, as required by section 1123(a)(4) of the Bankruptcy Code.

24.     The Plan provides adequate, proper and legal means for the Plan's implementation as required by section 1123(a)(5) of the Bankruptcy Code.

25.     The Plan provides for its implementation through the previously approved sale of the Debtor's real property (the "Property") to Hampshire Global Partners LLC or its permitted assignee (the "Purchaser"), and the distribution of the proceeds of such sale among holders of Allowed Claims and Interests.

26.     The provisions of Article 5 of the Plan with respect to the assumption and assignment to Purchaser of Executory Contracts and Unexpired Leases in accordance with the APA and Sale Approval Order (as both terms are defined in paragraph 41 below) or rejection of Executory Contracts and Unexpired Leases are fair and appropriate and are consistent with the provisions of section 365 of the Bankruptcy Code as required by Section 1123(b)(2) of the Bankruptcy Code.

27.     The Plan is consistent with the interests of creditors and equity security holders and with public policy as required by sections 1123(a)(6) and 1123(a)(7) of the Bankruptcy Code.

{00734295.DOC;3 }

28.     The Debtor, as proponent of the Plan, has complied with the applicable provisions of the Bankruptcy Code, and in particular, with the requirements of Sections 1125 and 1126 of the Bankruptcy Code as follows: the Debtor served copies of the Scheduling Motion, the plan of liquidation of AC I Manahawkin LLC and the disclosure statement for plan of liquidation of AC I Manahawkin LLC on all required parties.  There has been adequate notice of the Plan and the Disclosure Statement, as modified.

29.     No creditor has solicited acceptances of the Plan or participated in the offer, issuance, sale or purchase of securities of the Debtor.

30.     The Plan has been proposed in good faith and not by any means forbidden by law and, viewed in the light of the totality of the circumstances surrounding the formulation, submission, distribution, and confirmation of the Plan, the Plan will fairly achieve a result consistent with the objectives and purposes of the Bankruptcy Code.

31.     As required by section 1129(a)(4) of the Bankruptcy Code, any payment made or to be made by the Debtor or any person issuing securities or acquiring property under the Plan, for services or for costs and expenses in, or in connection with this case, or in connection with the Plan and incident to this case, has been approved by, or will be subject to the approval of, this Court as reasonable.

32.     As the Debtor is being liquidated, there will be no individuals who will continue to serve, after confirmation of the Plan, as the officers of the Debtor, however, the Debtor shall continue in existence post-confirmation as the Post Effective Date Debtor who shall continue to be managed by GC Realty Advisors LLC and whose activities shall be limited to

{00734295.DOC;3 }

matters related to the implementation of the Plan and matters reasonably incidental thereto. The Post-Effective Date Debtor will have all of the rights, powers and duties necessary to carry out its responsibilities under the Plan. As soon as practicable after the Closing the Post-Effective Date Debtor shall take all necessary steps to effectuate its dissolution in accordance with applicable law.

33.    There are no rate changes provided for in the Plan, with respect to which rates a governmental regulatory commission has jurisdiction over the Debtor after confirmation.

34.    No Classes of Claims or Interests are impaired under the Plan.

35.    No holder of an allowed secured claim has made an election under section 1111(b)(2) of the Bankruptcy Code.

36.    Except to the extent that the holder of a particular Claim has agreed to a different treatment of such Claim, the Plan provides that: (A) the holders of Claims of a kind specified in section 507(a)(2) of the Bankruptcy Code, will receive on account of such Claims, Cash in full on (i) the later of the 30 days after the Closing Date, the date payment of such claims is due under the terms thereof or applicable law or three business days after such Claim becomes an Allowed Administrative Claim or (ii) as may be otherwise mutually agreed in writing between the Disbursing Agent and the holder of such Claim; and, (B) each holder of a Claim of a kind specified in Section 507(a)(8) of the Bankruptcy Code, will receive on account of such claim, Cash in full, together with the Applicable Rate of Interest, within 30 days of the Closing, except as may be otherwise mutually agreed to writing between the respective Debtor and such Governmental Unit.

{00734295.DOC;3 }

9

37.     Within thirty days of the Closing, the Debtor shall pay all amounts due the Office of the United States Trustee under 28 U.S.C. §1930, and any applicable interest thereon, in Cash in full as required by statute and until the closing, conversion or dismissal of this case.

38.     The Debtor shall file its operating reports and quarterly affidavits of post-confirmation disbursements and provide copies to the Office of the United States Trustee until the closing, conversion or dismissal of this case.

39.     The Debtor does not maintain any Retiree Benefits, as that term is defined in section 1114(a) of the Bankruptcy Code.

**Feasibility**

40.     The Plan is feasible, and confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor under the Plan, except to the extent that such liquidation or reorganization is proposed in the Plan.

**The Sale of the Property**

41.     Pursuant to an order (the "Sale Approval Order") entered on April 16, 2015 (ECF doc. no. 133), the Debtor was authorized to enter into an agreement of purchase and sale (the "APA") with Purchaser and to sell the Property to the Purchaser free and clear of any and all liens, claims, exceptions and other interests and to assume and assign certain of its executory contracts and unexpired leases to the Purchaser, all in accordance with the terms of the APA and the Sale Approval Order.

42.     Pursuant to the Sale Approval Order, under New Jersey Statute 46:15-

{00734295.DOC;3 }

10

10(g), the Sale is exempt from Transfer Taxes (as such term is defined in the Sale Motion to

include taxes upon the grantor under N.J.S.A. 46:15-7 and 7.1, and taxes upon the grantee under

N.J.S.A. 46:15-7.2).

### Transfer Taxes

43.    The making and delivery of any instrument of transfer respecting the

transfer of any asset pursuant to or in furtherance of the Plan and any other related instruments

contemplated under the Plan (collectively, the "Transfer Documents"), including, but not limited

to any transfer of the Property to Purchaser, and the execution, delivery, recording and

performance of any of the Transfer Documents, and all of the transactions contemplated under

the Plan shall be and hereby are fully exempt from the imposition and payment of any and all

stamp, transfer or similar taxes within the meaning of section 1146(a) of the Bankruptcy Code

(including, without limitation, mortgage recording taxes) and shall be accepted for filing without

payment of such and constitute "the making or delivery of an instrument of transfer under a plan

confirmed under section 1129" within the meaning of section 1146 of the Bankruptcy Code and

will be free of the imposition of taxes of the kind specified in section 1146 of the Bankruptcy

Code.


**IT IS THEREFORE**

**ORDERED** that any and all objections to the Plan and the Disclosure Statement

not previously resolved or withdrawn, whether filed or not, are overruled; and it is further

**ORDERED**, that the Disclosure Statement be and is hereby approved as

{00734295.DOC;3 }

containing adequate information; and it is further

## Confirmation

**ORDERED**, that the Plan, be and is hereby confirmed; and it is further

**ORDERED,** that the Plan meets each of the requirements of Section 1129(a); and it is further

## Vesting of Assets

**ORDERED**, that except as otherwise provided in Article 5 of the Plan (subject to the terms of the Sale Approval Order and APA, which shall control in the event of any inconsistency), upon the Closing, the Property shall vest in the Purchaser free and clear of all Liens, Claims and Encumbrances, including, without limitation, any and all claims and interests of creditors, equity security holders, general partners in the Debtor and all parties in interest (including claims of any parties to Executory Contracts and Unexpired Leases being assumed by the Purchaser to the extent related to periods prior to the Closing).  On the Closing Date any and all Liens, Claims and Encumbrances that have not been expressly preserved under the Plan or the Sale Approval Order shall be deemed extinguished as of such date.  Any remaining property of the Estate shall re-vest in the Post-Effective Date Debtor who may operate, buy, use, acquire and dispose of its Estate assets and may settle and compromise any claims, interests and causes of action free of any restrictions contained in the Bankruptcy Code or the Bankruptcy Rules; and it is further

## Disbursing Agent

**ORDERED**, that pursuant to the Plan, counsel to the Debtor shall act as the

{00734295.DOC;3 }

Disbursing Agent; and it is further

### Consummation of the Plan

ORDERED, that the Debtor or the Disbursing Agent may enter into such

agreements as are deemed by them to be necessary to consummate the Plan without further order

of the Court; and it is further

ORDERED, that except as specifically provided in the Plan, or this Confirmation

Order, the Debtor and the Disbursing Agent are authorized, directed and empowered to do all

things and take all actions reasonably necessary to effectuate the consummation and

implementation of the Plan, including, but not limited to, executing all documents, filing all

requisite documents with appropriate state and local authorities, establishing all accounts,

making all distributions and paying all costs in connection with consummating the Plan; and it is

further

ORDERED, that any liens held against the Debtor's Property by any creditor of

the Debtor must be released as a condition to payment of any Allowed Claim held by such

creditor; and it is further

ORDERED, that this Confirmation Order and all related agreements and

documents necessary to implement the Plan shall be binding upon and inure to the benefit of any

successors and assigns of the Debtor; and it is further

ORDERED, that, in furtherance hereof, and in accordance with section 1142(b)

of the Bankruptcy Code, after the Effective Date the Disbursing Agent is authorized to execute

and file and record any satisfaction of lien necessary to effectuate or consummate the terms of

{00734295.DOC;3 }

the Plan or this Confirmation Order, in its own name, in the name of the Debtor, or in the name

of any necessary party thereto, and each and every federal, state and local governmental agency

or department is hereby directed to accept any such document; and it is further

### Executory Contracts and Unexpired Leases

**ORDERED**, that in accordance with the provisions of Article 5 of the Plan,

effective on and as of the Effective Date, all Executory Contracts and Unexpired Leases to which

the Debtor is a party and which were set forth on Schedule D to the APA, shall be assumed by

the Debtor and thereafter upon the Closing Date, assigned subject to and in accordance with the

terms of the APA, to the Purchaser in accordance with Section 365 of the Bankruptcy Code and

the Sale Approval Order. All other Executory Contracts and Unexpired Leases to which Debtor

is a party, including but not limited to any management agreements with Armstrong

Management and/or Marsyll Maintenance Corp. shall be rejected as of the Effective Date; and it

is further

**ORDERED**, that upon rejection of the management agreements with Armstrong

Management and/or Marsyll Maintenance Corp., Armstrong Management and/or Marsyll

Maintenance Corp. shall turn over to Debtor's counsel all records in their possession that pertain

to the Debtor and the Property; and it is further

### Transfer Taxes; Recording and Filing Documents

**ORDERED**, that pursuant to Section 1146 of the Bankruptcy Code, the issuance,

transfer or exchange of any security and the making or delivery of any instrument of transfer in

{00734295.DOC;3 }

14

connection with or in furtherance of the Plan, (including any instrument executed in furtherance

of the transactions contemplated by the Plan), shall be and hereby are fully exempt from the

imposition and payment of any and all stamp tax, Real Estate transfer tax, mortgage recording

tax or similar tax within the meaning of section 1146(a) of the Bankruptcy Code, and shall be

accepted for filing without payment of such; and it is further

      **ORDERED**, that from and after the Closing Date, pursuant to section 1146(a) of

the Bankruptcy Code, all state and local government agencies, entities or authorities are jointly

and severally restrained and enjoined from commencing or continuing any action to collect from

the Debtors or its Property, any stamp or similar tax within the meaning of section 1146(a) of the

Bankruptcy Code with respect to the transactions contemplated or described in the Plan; and it is

further

      **ORDERED**, that the Court shall retain jurisdiction with respect to any disputes or

controversies arising with respect to the above ordered paragraphs; and it is further

      **ORDERED**, that each and every federal, state and local governmental agency or

department is hereby directed to accept any and all documents and instruments necessary, useful

or appropriate to effectuate, implement and consummate the transactions contemplated by the

Plan and this Confirmation Order; and it is further

      **ORDERED**, that all filing officers are directed to accept for recording or filing

and to record or file the Transfer Documents immediately upon presentation thereof without

payment of such taxes and without the presentation of any affidavits, instruments or returns

otherwise required for recording, and the recording officer is directed to comply with the

{00734295.DOC;3 }

provisions of this Confirmation Order; and it is further

**Releases and Injunction**

**ORDERED**, that the provisions of the Plan shall bind the Debtor and all creditors and equity security holders of the Debtor; and it is further

**ORDERED**, that except with respect to the obligations required by the Plan, the APA, the Sale Approval Order, or any other order of the Bankruptcy Court, pursuant to section 1125(e) of the Bankruptcy Code, neither the Debtor, its creditors or interest holder, nor any of their respective officers, directors, members, partners, managers or employees (acting in such capacity), nor any professional person employed by any of them shall have or incur any liability to any entity for any action taken or omitted to be taken in connection with or related to the formulation, preparation, dissemination, Confirmation or consummation of the Plan or the Disclosure Statement or any contract, instrument, release or other agreement or document created or entered into, or any other taken or omitted to be taken in connection with the Plan, except in the case of fraud, gross negligence, willful misconduct, malpractice, breach of fiduciary duty, criminal conduct, unauthorized use of confidential information that causes damages, or ultra vires acts; and it is further

**ORDERED**, that nothing contained herein shall (i) limit the liability of any released person for any debt owed to the United States Government or any of its agencies, any state, city or municipality arising under (a) the Internal Revenue Code or any state, city or municipal tax code, (b) the environmental laws of the United States or any state, city or municipality or (c) any criminal laws of the United States, any state, city or municipality; or (ii) limit the liability of the Debtors'

{00734295.DOC;3 }

professionals pursuant to Rule 1.8 (h)(1) of the New York State Rules of Professional Conduct; and it is further

ORDERED, that, except as otherwise provided in the Plan, the APA, or the Sale Approval Order, this Confirmation Order, or any other order of the Bankruptcy Court, the entry of this Confirmation Order shall forever stay, restrain and permanently enjoin with respect to any Claim held against the Debtor (i) the commencement or continuation of any action, the employment of process, or any act to collect, enforce, attach, recover or offset from the Debtor, from the Property, or from property of the Estate that has been or is to be distributed under the Plan, and (ii) the creation, perfection or enforcement of any lien or encumbrance against the Property and any property of the Estate that has been or is to be, distributed under the Plan; and it is further

ORDERED, that except as otherwise provided herein, the entry of this Confirmation Order shall constitute an injunction against the commencement or continuation of any action, the employment of process, or any act to collect, recover or offset from the Debtor, from the Property, or from property of the Estate, any claim, any obligation or debt that was held against the Debtor by any person or entity as of the Confirmation Date except pursuant to the terms of this Plan, the APA, the Sale Approval Order or any other order of the Bankruptcy Court. The entry of the Confirmation Order shall permanently enjoin all Creditors, their successors and assigns, from enforcing or seeking to enforce any such Claims; and it is further

ORDERED, that, the foregoing injunction shall apply to the holder of a debt, claim or interest, whether or not a proof of claim was filed or deemed filed, whether such claim was

{00734295.DOC;3 }

17

allowed, whether or not the holder of such claim accepted the Plan, and whether or not the right to

payment was reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured,

disputed, undisputed, legal, equitable, secured or unsecured; and it is further

**ORDERED**, that nothing contained herein shall preclude the continuation of the

Acadia State Court Litigation commenced by Acadia against the Ringel Defendants, and, as

amended, as against the Manahawkin Defendants, and the appeals filed in connection therewith

through their final adjudication; and it is further

**ORDERED**, that except as otherwise provided in the Plan, the APA, the Sale

Approval Order, or any other order of the Bankruptcy Court, upon the Effective Date, in

consideration of the Cash and other property to be distributed to or on behalf of the holders of

Claims and Interests under the Plan, the Plan shall be deemed to resolve all disputes and

constitute a settlement and release, between and among the Debtor, on the one hand, and each

Creditor and Interest Holder, on the other, from any claim or liability, whether legal, equitable,

contractual, secured, unsecured, liquidated, unliquidated, disputed, undisputed, matured,

unmatured, fixed or contingent, known or unknown, that the Debtor, its Creditors or Interest

Holder ever had or now have through the Effective Date in connection with their Claim or

Interest (including, without limitation, any claims the Debtor may assert on its own behalf or on

behalf of Creditors or Interest Holders pursuant to sections 510 and 542 through 553 of the

Bankruptcy Code, any claims Creditors or Interest Holders may have asserted derivatively on

behalf of the Debtor absent bankruptcy, any claims based on the conduct of the Debtor's

{00734295.DOC;3 }

18

business affairs prior or subsequent to the commencement of the Case or any claims based on the negotiation, submission and confirmation of the Plan); and it is further

**ORDERED,** that nothing contained herein shall be deemed a release by the Debtor of any claims the Debtor has against insiders as that term is defined in Section 101(31) of the Bankruptcy Code, including but not limited to claims against Armstrong Management Corp., Marsyll Maintenance Corp., Tibor Klein, Gershon Klein, Benjamin Ringel and Klara Ringel; and it is further

**ORDERED**, that nothing contained herein shall be deemed a release with respect to the Acadia State Court Litigation and any related appeal; and it is further

### Statutory and Professional Fees

**ORDERED**, that the Debtor shall (1) pay all amounts due under 28 U.S.C. § 1930, and any applicable interest thereon, in Cash in full as required by statute until the closing, conversion or dismissal of this case;  and (2) file all required reports until the closing, conversion or dismissal of this case; and it is further

### Retention of Jurisdiction

**ORDERED**, that in addition to the retention of jurisdiction with respect to transfer taxes, the Court shall retain jurisdiction of this case with respect to motions pending before this Court on or before the Effective Date and thereafter, and matters provided for in Article 10 of the Plan, including, but not limited to the consideration of any objections filed within the time permitted pursuant to the Plan to the allowance of any Claim or Interest and other matters arising out of or related to the Plan; and it is further

{00734295.DOC;3 }

19

### Notice Provisions and Claims Bar Dates

**ORDERED**, that notice of the entry of this Confirmation Order in the form of Exhibit A hereto, which form is hereby approved, shall be mailed by the Debtor to all of its creditors, its equity security holder, and other such parties as are entitled to notice within ten days of the date of entry this Confirmation Order; and it is further

**ORDERED**, that any claims of a kind specified in Articles 2 and 5 of the Plan that are not filed on or before the respective deadlines set forth therein shall not participate in any distribution under the Plan and shall be forever barred; neither the Debtor, nor its estate, the Purchaser, nor any disbursing agent, nor any officer, member, manager, employee or professional person employed by any of the foregoing shall have any liability therefor or with respect thereto; and any holder of any such claim shall be forever barred from asserting any such claim against the Debtor, its estate, the Purchaser, any disbursing agent, any officer, member, manager, employee or professional person employed by any of the foregoing, or its respective property, whether any such claim is deemed to arise prior to, on or subsequent to the Effective Date; and it is further

**ORDERED**, that, except as otherwise hereafter directed by the Court, notice of all subsequent pleadings in this case shall be limited to (i) the Debtor (ii) Debtor's counsel, (iii) the United States Trustee, (iv) Purchaser or Purchaser's counsel if it pertains to the Property, (v) Tibor and Gershon Klein's counsel, (vi) RCG's counsel, (vii) Acadia's counsel, and (viii) any party affected by the relief sought; and it is further

{00734295.DOC;3 }

**ORDERED**, that the failure to specifically describe or include any particular provision of the Plan in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Plan be approved and confirmed in its entirety; and it is further

**ORDERED**, that as provided by Bankruptcy Rule 3020(e), this Confirmation Order shall not be automatically stayed, but shall be effective and enforceable immediately upon the entry of this Confirmation Order.

Dated: White Plains, New York
June 10, 2015

/s/ Robert D. Drain
Honorable Robert D. Drain
United States Bankruptcy Judge

{00734295.DOC;3 }